UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-154 |
| PRICE, ET AL. | SECTION A(3) |

## **ORDER AND REASONS**

Defendant Evans Lewis moves the Court in limine to exclude evidence concerning fistfights involving the Government's cooperating witnesses (Franklin and Stewart). (Rec. Doc. 725). Lewis contends that evidence of these fights is irrelevant because the fights have nothing to do with him or any of the other defendants on trial.

In its opposition the Government concedes that it has no evidence that Lewis or any of his codefendants had any role in the inmate attacks, and it would be prepared to either stipulate or have the Court give a limiting instruction to that effect. The Government argues that the fights are relevant nonetheless because the Government anticipates that Franklin and Stewart will establish that the attacks were motivated not only by a general desire among inmates to punish individuals who cooperate with the Government, but also by animosity between rival gang members — a motivation that dovetails with the rival-gang retaliation theory that the Government suggests motivated several of the murders in this case.

The Court finds the Government's arguments regarding relevance to be persuasive. The exhibits from the jail, however, are excluded because they are not necessary, cumulative of the witnesses' testimony, or otherwise hearsay. But the

15-CR-154 *United States of America v. Price, et al.*
Motion in Limine re Cooperating Witnesses' Jailhouse Fistfights (Rec. Doc. 725)
Page 1 of 2

Government will be allowed to elicit from Franklin and Stewart limited testimony regarding the attacks.

That said, the Government anticipates that Franklin and Stewart will establish *through their own testimony* the attackers' motivations. The Government is forewarned that the Court will not allow Franklin and Stewart to speculate about what motivated their attackers. Inmate attacks are hardly uncommon and fights among inmates may be motivated by a variety of reasons that have nothing to do with a pending case. So if the circumstances surrounding the attacks, including anything the attackers might have said during the altercation or immediately preceding it, do not suggest a motivation relevant to this case, then the Government will not be allowed to elicit testimony from Franklin and Stewart (or any other cooperating witness) regarding any inmate attacks. In other words, the Court is denying in part Lewis's motion but only *conditionally*, in anticipation of the Government being able to lay a proper foundation for admitting evidence of the fights.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine to Exclude Evidence Concerning Cooperating Witnesses' Jailhouse Fistfights (Rec. Doc. 725)** is **GRANTED IN PART AND DENIED IN PART** as explained above.

September 28, 2016

                                                                           _____
                                                                           JUDGE JAY C. ZAINEY
                                                                           UNITED STATES DISTRICT JUDGE

15-CR-154 *United States of America v. Price, et al.*
Motion in Limine re Cooperating Witnesses' Jailhouse Fistfights (Rec. Doc. 725)
Page 2 of 2