UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 15-154

EVANS LEWIS                                 SECTION A (3)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 1581)** filed by federal prisoner Evans Lewis.

### I.

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count Indictment against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. On April 29, 2016, a grand jury in the Eastern District of Louisiana returned a 47 count Superseding Indictment against Defendants. (Rec. Doc. 361).

Trial commenced on January 9, 2017, and the presentation of evidence lasted about six weeks. Jackson, Knockum, and McCaskill testified as cooperating witnesses. The jury began its deliberations on February 14, 2017. On February 21, 2017, the jury returned its verdict finding each of the defendants guilty as to certain counts; many were acquitted as to other counts.

The jury convicted Lewis on three counts. Lewis was found guilty of the Count 1 RICO conspiracy, and Counts 29 and 30 pertaining to the murder of Littlejohn Haynes, the latter crime committed through the use of a firearm. (Rec. Doc. 1009, Verdict Form).

Lewis moved for judgment of acquittal and/or new trial (Rec. Doc. 1040) contending that the evidence was insufficient to support his conviction on the Littlejohn Haynes murder as part of the Count 1 RICO conspiracy and as a murder in aid of racketeering as charged in Count 29, that the testimony from the cooperating witnesses was unreliable, that the jury's findings based on the testimony of those "violent sociopaths" was inconsistent and irrational, that he was prejudiced by the Court's refusal to give the jury his proposed partial verdict instruction, that his case should have been severed from that of the other defendants, that it was error to admit his prior guilty plea and factual basis relating to the murder of Gregory Keys, that the Court erred when it refused to admit the FBI notes of Stewart's July 31, 2014 interview for the purpose of impeaching Stewart, that the multiple instances of the Government's late disclosure of *Giglio* materials prejudiced him at trial, and that he was prejudiced at trial because the Government failed to produce all of the discovery pertaining to Meredith Acosta's ballistics report until one month after the trial had started.

After Lewis and the other defendants had been convicted and had filed their motions for acquittal and/or new trial, a letter surfaced that Washington McCaskill had written to Orleans Parish Assistant District Attorney Alex Calenda, in which McCaskill characterized "our Federal Case" as "all made up lies." All of the defendants, including Lewis, moved for an evidentiary hearing (Rec. Doc. 1138) based on the letter.

Ultimately, the motion for judgment of acquittal and new trial filed by Lewis was denied with extensive reasons provided. (Rec. Doc. 1163, Order and Reasons).

Lewis appealed and on appeal the Fifth Circuit affirmed Lewis's judgment except for the conviction involving § 924, which was Count 3.[1] *See United States v. Perry*, 35 F.4th 293, 341–42, 353 (5th Cir. 2022). The appellate court remanded for further proceedings. *Id.* at 353. The Supreme Court denied Lewis's petition for a writ of certiorari. *Perry v. United States*, 143 S. Ct. 463 (Nov. 21, 2022); *see also* Rec. Doc. 1494 (Letter from Supreme Court of the United States).

On remand, this Court amended Lewis's judgment to conform with the Fifth Circuit's decision. (Rec. Doc. 1486). The Court vacated the concurrent life sentence that it had imposed for the count vacated by the Fifth Circuit. (Rec. Doc. 1486 at 3).

## II.

Lewis asserts four grounds for relief in his § 2255 motion, which the Court treats as timely.[2] (Rec. Doc. 1560, Opposition at 3). All grounds relate to the allegation that

---

[1] 18 U.S.C. § 924(c) provides heightened terms of imprisonment when a firearm is used during and in relation to or in furtherance of a crime of violence or drug trafficking crime. In *United States v. McClaren*, 13 F.4th 386, 412–14 (5th Cir. 2021), which was decided while Lewis's case was on appeal, the Fifth Circuit held that aggravated RICO conspiracies could not constitute crimes of violence for purposes of 18 U.S.C. § 924(c). Because the jury could have convicted Lewis on the § 924 counts by relying on the aggravated RICO conspiracy predicate, the Fifth Circuit vacated the convictions on those counts only and remanded for further proceedings. *See Perry*, 35 F.4th at 342 (citing *United States v. Jones*, 935 F.3d 266, 272–74 (5th Cir. 2019)).

[2] Section 2255 of Title 28 allows a prisoner in custody pursuant to a federal sentence to move the court that imposed the sentence to vacate, set aside or correct the sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A one-year period of limitation applies to such a motion, and that one-year limitation period runs from the latest of 1) the date on which the judgment of conviction becomes final;

Lewis was denied effective assistance of counsel at trial, at his sentencing hearing, and then again on appeal.[3]

Ground One is that Lewis received ineffective assistance of counsel at trial and on appeal because his attorney did not raise the issue that sentencing him to a mandatory life sentence may be violative of the Eighth Amendment given that Lewis was 17 years old when the federal investigation began. Ground Two is that Lewis received ineffective assistance of counsel at trial because his attorney did not present evidence of his adverse childhood experiences, which may have led the jury to acquit him of the murder of Littlejohn Haynes. Ground Three is that Lewis received ineffective assistance of counsel at trial because his attorney did not argue to the jury that the murder of Littlejohn Haynes was not a VICAR murder but rather a murder that might qualify for a charge of second degree murder, which does not carry a mandatory life sentence.[4] Ground Four is that Lewis received ineffective assistance of counsel at trial

---

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

The Government neither concedes nor contests the timeliness of Lewis's motion likely because the Court granted Lewis several extensions to file his § 2255 motion, and in doing so noted that Lewis's first motion for an extension of time (Rec. Doc. 1519) was filed before the one-year limitations period provided in § 2255(f) expired. (Rec. Doc. 1552, Order at n.1). The Court explained that it had construed that motion as essentially a § 2255 motion for purposes of the limitations period, with the expectation that the filing would be supplemented and the substance provided once Lewis followed up with his § 2255 filing. (*Id.*).

[3] Lewis was represented at trial and on appeal by William Sothern.

[4] VICAR refers to the Violent Crimes in Aid of Racketeering Act, 18 U.S.C. § 1959(a).

because his attorney convinced him to decline a plea offer of a thirty-year sentence because they were sure to win the case.

The Government's position is that Lewis cannot demonstrate either deficient performance or prejudice on any of his ineffective assistance of counsel claims.

Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). *Rice v. United States*, No. 09CR107, 2015 WL 4911667, at *3 (E.D. Tex. Aug. 17, 2015). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. *Id.* (citing *Strickland*, 466 U.S. at 687). Under the first prong, the petitioner must show that counsel's performance was deficient. *Id.* To establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* (citing *Strickland*, 466 U.S. at 688). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* (citing *Strickland*, 466 U.S. at 690).

Under the second prong, a petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* (citing *Strickland*, 466 U.S. at 687). To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

An ineffective assistance of counsel claim fails if the petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if the petitioner makes an insufficient showing as to either. *Rice*, 2015 WL 4911667, at 3 (citing *Strickland*, 466 U.S. at 697). The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Id.* (citing *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001)); *Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006) (citing *Busby v. Dretke*, 359 F.3d 708, 714 (5th Cir. 2004)).

### III.

Lewis's Ground One is that he received ineffective assistance of counsel at trial, sentencing, and on appeal because his attorney did not argue that sentencing him to a mandatory life sentence would be violative of the Eighth Amendment given that Lewis was 17 years old when the federal investigation began. Lewis bases this claim on the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 479 (2012), in which the Supreme Court held that the Eighth Amendment prohibits a mandatory sentence of life in prison without the possibility of parole for a juvenile offender (under 18 years of age).

This contention has no merit. The *mandatory* life sentence that Lewis received was based on his conviction under the VICAR statute for the murder of Littlejohn Haynes, which Lewis acknowledges occurred when he was 19 years old. The mandatory life sentence that Lewis received for Count 29 is not violative of the Eighth Amendment per *Miller*. Lewis's counsel did not render deficient performance based on the failure to raise a meritless legal claim.

Ground Two is that Lewis received ineffective assistance of counsel at trial because his attorney did not present evidence of his adverse childhood experiences, which may have led the jury to acquit him of the murder of Littlejohn Haynes.

First of all, evidence of Lewis's adverse childhood experiences would not have been admissible at trial because it would have been irrelevant to the jury's determination of guilt.

As for the sentencing hearing, the presentence investigation report that the probation officer prepared explains in detail the adverse childhood experiences that Lewis endured so the Court was well aware of Lewis's history when the Court sentenced him. The Court's decision would not have been aided by expert testimony. Moreover, the conviction for the Count 29 VICAR murder carried with it a mandatory life sentence so expert testimony would have had no impact on the life sentence that Lewis received. Lewis's counsel did not render deficient performance based on the failure to present expert evidence regarding adverse childhood experiences at either the trial or the sentencing hearing.[5]

Ground Three is that Lewis received ineffective assistance of counsel at trial because his attorney did not argue to the jury that the murder of Littlejohn Haynes was not a VICAR murder but rather a murder that might qualify for a charge of second degree murder, which does not carry a mandatory life sentence.

This contention has no merit. As the Government has pointed out in its opposition, Lewis's defense strategy for the Littlejohn Haynes murder charge was that he did not commit the murder, that the jury should believe his alibi witness, that the jury

---

[5] The Court notes that the issue of adverse childhood experiences would not have been an issue that could have been raised for the first time on appeal.

should disbelieve the Government's witnesses, and that the jury should acquit Lewis altogether of the murder. (Rec. Doc. 1590, Opposition at 10). The argument that Lewis now raises would have been inconsistent with that trial strategy and only served to undermine it. Lewis's counsel did not render deficient performance at trial based on the failure to argue that the jury should treat the Littlejohn Haynes murder as a second degree murder instead of a VICAR murder and therefore acquit Lewis on that basis.[6]

Ground Four is that Lewis received ineffective assistance of counsel at trial because his attorney convinced him to decline a plea offer of a thirty-year sentence because they were sure to win the case.

Lewis has not established that any such plea offer was made to him and the Court is certainly not aware of any such offer. In fact, while the Government acknowledges informal pre-trial discussions of a possible global plea offer that would have required acceptance by all of the defendants who were going to trial (the Court was aware at the time that discussions of this nature were taking place), the Government disputes that any of the trial defendants individually, Lewis included, received a formal plea offer like the one that Lewis claims occurred. Lewis likewise has not demonstrated that he would have accepted such an offer had one been made, given the defense that he presented at trial. Lewis has not met his burden that his trial attorney rendered deficient performance with respect to plea negotiations.

Accordingly, and for the foregoing reasons;

---

[6] This same reasoning applies to Lewis's Ground Two contention that his attorney should have introduced evidence of adverse childhood experiences at trial. In other words, any attempt to mitigate guilt (which is actually a jury nullification argument) would be inconsistent with the defense presented at trial.

**IT IS ORDERED** that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 1581)** filed by federal prisoner Evans Lewis is **DENIED**.

February 3, 2025

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE